IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENTISS BANKS, | 1:05-CV-1583 AWI SMS P |
| Plaintiff, | |
| vs. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| C. LOPEZ, | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. / | |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On December 14, 2005, the instant action was filed, however, the action did not contain a signature authorizing the Complaint and the demand for judgment for relief was incomplete.[1]

Rule 11 of the Federal Rules of Civil Procedure and Local Rule 7-131(b), requires all pleadings submitted to the Court be signed by the party submitting them, whether they be an attorney at law or a party proceeding in propria persona. Fed.R.Civ.P. 11; Local Rule 7-131(b). As noted above, the Complaint lacks a signature of any type. The rules also require that every Complaint contain a prayer or demand for relief. See, Fed.R.Civ.P. 8(a).

Finally, the Court finds that the Complaint fails to state a claim for relief.

---

[1] The Court notes that on the same day, an identical complaint was submitted to the Court in another inmates name. As neither of the Complaints contain a signature, they are unauthorized. Moreover, Plaintiff is forewarned that the submission of documents on another inmate's behalf constitutes the unauthorized practice of law and that such activity may subject him to prosecution under both state and federal law. Cal.Bus. & Prof. Code §§ 6125, 6126; 28 U.S.C. § 1654, Local Rule 81-180(b), (d).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under

section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this case, the Complaint alleges only that Plaintiff's religious rights were violated. Plaintiff provides no facts surrounding the alleged violation nor does he link any act or omission to any named Defendant. Thus, the Court cannot determine whether the alleged violation states a cognizable claim for relief such that the Court can proceed.

In light of the above deficiencies, the Court HEREBY ORDERS:

1. The Complaint is DISMISSED with leave to AMEND;

2. Plaintiff SHALL file an AMENDED COMPLAINT curing the deficiencies outlined above and containing an original signature as well as a complete prayer for relief within THIRTY (30) days of the date of service of this Order.

3. The Clerk of Court is DIRECTED to send Plaintiff a blank civil rights form.

IT IS SO ORDERED.

**Dated:   February 28, 2006**             **/s/ Sandra M. Snyder**
icido3                       UNITED STATES MAGISTRATE JUDGE