IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PRENTISS BANKS, | ) | 1:05-cv-01583-AWI-SMS-P |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION** |
| C. LOPEZ, | ) ) | (Doc. 3) |
| Defendant. | ) ) | |

Plaintiff, Prentiss Banks ("plaintiff"), is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 1, 2006, the court issued an order requiring plaintiff to file an amended complaint curing the deficiencies outlined therein and containing an original signature as well as a complete prayer for relief, within thirty (30) days from the date of service of that order. The thirty-day period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

1

sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

2

1  In the instant case, the court finds that the public's
2  interest in expeditiously resolving this litigation and the court's
3  interest in managing the docket weigh in favor of dismissal.  The
4  third factor, risk of prejudice to defendants, also weighs in favor
5  of dismissal, since a presumption of injury arises from the
6  occurrence of unreasonable delay in prosecuting an action.
7  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
8  factor -- public policy favoring disposition of cases on their
9  merits -- is greatly outweighed by the factors in favor of
10 dismissal discussed herein.
11     Accordingly, the court HEREBY RECOMMENDS that this action be
12 DISMISSED based on plaintiff's failure to obey the court's order of
13 March 1, 2006.
14     These Findings and Recommendations are submitted to the United
15 States District Judge assigned to the case, pursuant to the
16 provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**
17 after being served with these Findings and Recommendations,
18 plaintiff may file written objections with the court.  Such a
19 document should be captioned "Objections to Magistrate Judge's
20 Findings and Recommendations."  Plaintiff is advised that failure
21 to file objections within the specified time may waive the right to
22 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
23 (9th Cir. 1991).
24 IT IS SO ORDERED.
25 **Dated:   April 18, 2006**              /s/ Sandra M. Snyder
   icido3                        UNITED STATES MAGISTRATE JUDGE

3